IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02906-CMA-MJW (Consolidated for all purposes with)
Civil Action No. 13-cv-03410-CMA-MJW)

VANESSA STOCKMAR,

v.

COLORADO SCHOOL OF TRADITIONAL CHINESE MEDICINE, INC., a Colorado
corporation.

---

**ORDER REGARDING
DEFENDANT'S MOTION TO COMPEL (DOCKET NO. 53)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter was before the court on October 27, 2014, for hearing on

Defendant's Motion to Compel (docket no. 53).  The court has reviewed the subject

motion (docket no. 53), the responses (docket nos. 55 and 66), and the reply (docket

no. 62).  In addition, the court has taken judicial notice of the court's file and has

considered applicable Federal Rules of Civil Procedure and case law as well as oral

argument of counsel.  The court now being fully informed makes the following findings

of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1.     That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.     That venue is proper in the state and District of Colorado;

3.     That each party has been given a fair and adequate opportunity to

2

be heard;

4.    That Plaintiffs seek different types of damages in this lawsuit

including, but not limited to, noneconomic damages for humiliation,

severe emotional pain and distress, inconvenience, mental anguish,

mental suffering, loss of enjoyment of life, and loss of reputation.

See Complaint (docket no. 1) and paragraph 5 <u>Computation of</u>

<u>Damages</u> in the Scheduling Order (docket no. 15) and in the First

Amended Scheduling Order (docket no. 38);

5.    That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines

the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of
> discovery is as follows: Parties may obtain discovery
> regarding any nonprivileged matter that is relevant to
> any party's claim or defense–including the existence,
> description, nature, custody, condition, and location of
> any documents or other tangible things and the
> identity and location of persons who know of any
> discoverable matter.  For good cause, the court may
> order discovery of any matter relevant to the subject
> matter involved in the action.  Relevant information
> need not be admissible at the trial if the discovery
> appears reasonably calculated to lead to the
> discovery of admissible evidence.  All discovery is
> subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  However, "a party's right to obtain

discovery of 'any matter, not privileged, that is relevant to the claim

or defense of a party' . . . may be constrained where the court

determines that the desired discovery is unreasonable or unduly

burdensome given the needs of the case, the importance of the

3

issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." <u>Simpson v. University of Colo.</u>, 220 F.R.D. 354, 356 (D. Colo. 2004).  "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." <u>Id.</u> <u>See</u> Fed. R. Civ. P. 26(b) and (c); and

6.   That jurisdiction in this case is based upon 28 U.S.C. §§ 451, 1331, 1337, and 1343.  This action is authorized and instituted by §§ 703, 704, and 706(f)(3) of Title VII, 42 U.S.C. §§ 2000e-2, 2000e-3, and 2000e-5(f)(3).  Accordingly, there is no dispute that federal privilege law governs this case, since a federal statute is the basis of jurisdiction.  <u>LeFave v. Symbios, Inc.</u>, 2000 WL 1644154, at *2 (D. Colo. Apr. 14, 2000).  Federal courts in this circuit do not recognize a physician-patient privilege.  <u>Id.</u>  Instead, discovery of medical records is governed by Fed. R. Civ. P. 26(b) and (c) concerning relevancy and protection from annoyance, embarrassment, oppression, or undue burden.  <u>Id.</u>  Here, the plaintiffs argue they are seeking only "garden variety" emotional distress damages, and therefore they have not impliedly waived their physician-patient privilege.  In support of this argument, Plaintiffs cite <u>Johnson v. Trujillo</u>, 977 P 2d. 152, 157 (Colo. 1999).  Further, Plaintiff Carleton argues that she has already provided to Defendant a medical

4

release for Steve Jackson which Defendant acknowledge.

Contrary to the Plaintiffs' arguments, I find that the medical records at issue relate directly to at least one of the Plaintiffs' claimed injuries of humiliation, severe emotional pain and distress, inconvenience, mental anguish, mental suffering, loss of enjoyment of life, and loss of reputation.  As a result, the disputed records are relevant and must be produced.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1.    That  Defendant's Motion to Compel (docket no. 53) is GRANTED. Plaintiffs shall fully and completely respond to Defendant's Requests for Production ("RFP") Nos. 4 and 6 on or before November 14, 2014.  The scope and time frame for RFP Nos. 4 and 6 shall be from January 1, 2009, to the present for any and all medical records that pertain to Plaintiffs' claimed injuries of humiliation, severe emotional pain and distress, inconvenience, mental anguish, mental suffering, loss of enjoyment of life, and loss of reputation.  If there no such medical records, then Plaintiff(s) shall provide an affidavit to Defendant to that effect; and

2.    That each party shall pay their own attorney fees and costs for this motion.

5

Done this 27th day of October 2014.

BY THE COURT


s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE