IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-02906-CMA-MJW

VANESSA STOCKMAR,
TANYA CARLETON,

      Plaintiffs,

v.

COLORADO SCHOOL OF TRADITIONAL CHINESE MEDICINE, INC.,
a Colorado corporation,

      Defendant.

---

## ORDER STAYING EXECUTION OF JUDGMENT

---

This matter is before the Court on Defendant Colorado School of Traditional Chinese Medicine, Inc.'s ("CSTCM's") Motion to Stay Execution of Judgment. (Doc. # 147.) For the reasons provided below, the Motion is granted.

### I. PROCEDURAL BACKGROUND

After a five-day jury trial, this Court entered Final Judgment for Plaintiffs Vanessa Stockmar and Tanya Carleton, awarding each Plaintiff $50,002.00 (representing $1.00 in back pay, $1.00 in compensatory damages, and $50,000 in punitive damages). (Doc. # 104.) On April 22 and 23, 2015, the Clerk of Court issued Writs of Garnishment to garnish funds CSTCM held at UMB Bank to satisfy the judgment. (Doc. ## 125, 128.) On May 15, 2015, Plaintiffs filed a Motion for Order Releasing Garnished Funds Held by UMB Bank. (Doc. # 141.) The Court granted that Motion in part on June 8, 2015,

ordering UMB Bank to tender the funds held by the bank to satisfy the judgment ($100,213.24 in total) and deposit the funds into the Court registry. (Doc. # 144, 145.) The Court directed Plaintiffs to file a Motion to Disburse once UMB Bank deposited the funds into the Court registry. (Doc. # 144.) On June 11, 2015, CSTCM filed a Notice of Appeal and the instant Motion to Stay Execution of the Judgment. (Doc. ## 147, 149.) On June 19, 2015, UMB Bank deposited the funds in the Court Registry pursuant to the Court's June 8, 2015 Order. (Doc. ## 152, 153.)

## II. **LEGAL STANDARD**

Rule 62(d) of the Federal Rules of Civil Procedure provides that an appellant "may obtain a stay by supersedeas bond" and that "[t]he stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). Such a bond is designed to protect the successful litigant and to secure the judgment against insolvency of the judgment debtor. *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006). The Court has discretion in setting the amount of the supersedeas bond; specifically, it has the authority to waive the requirement of a bond or reduce the amount of the bond to prevent irreparable harm to the judgment debtor. *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). Nevertheless, the "general rule" is that a judgment debtor must post a bond for the full amount of the judgment before a court will stay enforcement of a money judgment pending appeal. *Strong*, 443 at 1299; *see also* 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2905 (3d. ed.) ("the amount of the bond usually will be set in an amount that will permit satisfaction of the judgment in full, together with costs, interest, and damages for delay.")

### III. DISCUSSION

The parties agree that security must be posted for the judgment pending appeal. They disagree, however, about what amount of security should be required. CSTCM requests that the Court approve the funds that UMB Bank deposited into the Court Registry as its Supersedeas Bond, arguing that "the Court will have control over CSTCM's funds in an amount equal to the usual amount of a Supersedeas Bond (the full amount of the judgment). Practically, approving these funds as CSTCM's Supersdeas bond will serve the intended purposes of Supersedeas Bonds – to secure the judgment from insolvency." (Doc. # 147 at 3.) Plaintiff does not oppose CSTCM's requested **form** of security (i.e., using the funds currently held in the Court Registry as the basis for the bond), but contends that the proposed **amount** ($100,213.24, covering the full amount of the judgment) is insufficient because it still fails to account for three items: (1) appellate attorney fees, (2) appellate costs, and (3) projected interest, leaving Plaintiffs less-than-fully protected on appeal. (Doc. # 154 at 2.) Specifically, Plaintiffs request that the supersedeas bond be increased by $45,000 to account for these items. (*Id.* at 5.)

Plaintiff argues that "as used in Fed. R. Civ. P. 68, the term 'costs' refers to all costs awardable under the statute or other authority that is the basis for the underlying claim," and notes that Plaintiffs' claims arise under Title VII, which includes attorney fees in its definition of costs. (Doc. # 154 at 4-5); *see also* 42 U.S.C. § 2000e-5(k) (2015) ("[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs.") CSTCM counters that Rule

62(d) does not require the appellant to post a bond to cover appellate attorney fees or appellate costs on appeal, because a supersedeas bond provides retrospective security for the judgment – in contrast to an appellate bond authorized under Rule 7 of the Federal Rules of Appellate Procedure,[1] which provides security for costs on appeal. The Court agrees. As the Tenth Circuit explained in *Tennille v. West Union Co.*, 774 F.3d 1249 (10th Cir. 2014):

> A Rule 7 appeal bond is similar to, but distinguishable from, a supersedeas bond, which a court can require to preserve a money judgment when staying execution of that judgment pending appeal, Fed.R.Civ.P. 62(d); Fed. R.App. P. 8(a)(2)(E). **[A] supersedeas bond is retrospective covering sums related to the merits of the underlying judgment (and stay of its execution), whereas a [Rule 7 appeal or] cost bond is prospective relating to the potential expenses of litigating an appeal.**

*Id.* at 1254 (brackets in original, internal citations and quotation marks omitted, emphasis added); *see also* 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3953 (noting that a Rule 7 bond "should not be confused with a supersedeas bond.") With a single exception, the cases cited by Plaintiff in support of the notion that appellate attorney fees and appellate costs should be accounted for in the supersedeas bond relate to bonds issued under Rule 7, not Rule 62(d).[2] In *United*

---

[1] Plaintiffs cited Rule 7 of the Federal Rules of Appellate Procedure in their Response (Doc. # 154 at 3), but did not bring a Motion requesting that this Court order CSTCM to file a Rule 7 costs bond. The Court does not construe Plaintiffs' Response as such a Motion, because this Court's local rules provide that "[a] Motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D. Colo. L.R. 7.1(d).

[2] Plaintiffs cited (1) *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 124, 129 (S.D.N.Y. 1999) (awarding security for reasonable attorney fees and costs on appeal under Federal Appellate Rule 7, with no mention of Rule 62(d)); *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998) (affirming district court order requiring appellant to post a bond for appellate costs and appellate attorney fees "pursuant to Rule 7 of the Federal Rules of Appellate Procedure"); *Sierra*

*States of America For the Use and Benefit of Sun Construction Co., Inc. v. Torix General Contractors*, LLC, 07-cv-01355, 2011 WL 2182897 (D. Colo. June 6, 2011), the Court ruled that a supersedeas bond should include appellate attorney fees and projected appellate cost. However, that decision did not squarely address the difference between a supersedeas bond and a Rule 7 appellate bond. Furthermore, that decision was issued without benefit of the Tenth Circuit's guidance about the "retrospective" purpose of supersedeas bonds in *Tennille*, 774 F.3d at 1254. Because providing security for appellate attorney fees and appellate costs would not serve this retrospective purpose, the Court will not require that additional security for these items be included in CSTCM's supersedeas bond, as the existing bond – for the full amount of the judgment – adequately protects Plaintiffs here. As for post-judgment interest, the Court finds that this amount need not be added to the security already provided, because the post-judgment interest rate applicable to this case is only .22%; as such, even if Plaintiffs ultimately prevail on appeal, this interest amount would be relatively negligible.

       The Court also finds that Defendant's proposed form of security is acceptable. *See Thunder Mountain Custom Cycles, Inc. v. Thiessen Products, Inc.*, 2008 WL 5412469, at *2 (D. Colo. Dec. 24, 2008) (approving a supersedeas bond for the total judgment with costs, minus the funds entered in the court registry); *Home Design Servs., Inc. v. Schwab Dev. Corp.*, No. 6:03-CV-596-ORL31DAB, 2006 WL 1319427, at

---

*Club v. El Paso Gold Mines, Inc.*, No. 01 PC 2163, 2003 WL 25265871, at *13 (D. Colo. Apr. 21, 2003) (same).

*2 (M.D. Fla. May 11, 2006) (allowing a plaintiff to deposit funds in the amount of the judgment "into the registry of the Court in lieu of posting a supersedeas bond").

## IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion (Doc. # 147), approves the use of the funds UMB Bank has deposited in the Court Registry as CSTCM's Supersedeas Bond (*see* Doc. # 148), and stays the execution of the judgment pending appeal.

DATED:   July 21, 2015

                                  BY THE COURT:

                                  *[signature: Christine M. Arguello]*
                                  _____
                                  CHRISTINE M. ARGUELLO
                                  United States District Judge