IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-02906-CMA-MJW

VANESSA STOCKMAR,
TANYA CARLETON,

  Plaintiffs,

v.

COLORADO SCHOOL OF TRADITIONAL CHINESE MEDICINE, INC.,
a Colorado corporation,

  Defendant.

---

**ORDER GRANTING MOTION FOR AWARD OF ATTORNEY FEES IN PART AND DENYING DEFENDANT'S MOTION TO PRODUCE**

---

This matter is before the Court on Plaintiff Vanessa Stockmar's and Plaintiff Tanya Carleton's Motions for Award of Attorneys' Fees and Request for Leave to Supplement (Doc. ## 107, 109), as well as Defendant's Motion to Produce (Doc. # 111). For the reasons provided below, Plaintiffs' Motions are granted in part, and Defendant's Motion is denied.

## I. PROCEDURAL BACKGROUND

Plaintiff Carleton and Plaintiff Stockmar each brought complaints against Defendant Colorado School of Traditional Chinese Medicine, Inc. (CSTCM), alleging that CSTCM subjected them to a sexually hostile work environment and terminated them in retaliation for protected activity, in violation of Title VII, 42 U.S.C. § 2000e-2(a),

e-3(a). Their cases were consolidated, and after a five-day trial in February of 2015, the jury returned a verdict in favor of both Plaintiffs on both of their claims, awarding each Plaintiff $50,002.00 (representing $1.00 in back pay, $1.00 in compensatory damages, and $50,000 in punitive damages). (Doc. ## 100, 101.) This Court entered Final Judgment for Plaintiffs for this amount on March 4, 2015. (Doc. # 104.) The Court also denied Defendant's Motion to Set Aside Punitive Damages or, in the Alternative, for Remittitur. (Doc. # 143.)

Plaintiffs' attorneys filed the instant Motions for an award of attorney fees on March 18, 2015. (Doc. ## 107, 109.) CSTCM did not respond to the Motions themselves, but on March 19, 2015, did file an opposed Motion requesting that Plaintiffs' counsel disclose their fee agreements. (Doc. # 111.) Because the Motions are unopposed,[1] the Court decides the matter without a response from Defendant. *See* D.C. COLO. LCivR 7.1C.

## II. LEGAL STANDARD

Exercising its discretion, a district court may award a reasonable attorney fee to the prevailing party in a Title VII action. *See* 42 U.S.C. § 2000e-5(k). The prevailing

---

[1] After CSTCM's deadline to respond to the instant Motions expired, Plaintiffs filed a "Request for Judicial Notice and Approval of Fee Affidavits," noting that CSTCM did not respond and requesting the Court to "issue an order awarding them their attorney fee." (Doc. # 122.) CSTCM filed a Response to this Request for Judicial Notice, stating that "[o]n April 2, 2015, Defendant CSTCM responded to Plaintiffs' motions for fees, attached Exhibit A, requesting time to retain an expert and requesting an evidentiary hearing. Such expert has now been retained and will be ready for an evidentiary hearing in mid-May, 2015." (Doc. # 130.) However, a close examination of the docket indicates that CSTCM has never filed a motion – on April 2, 2015, or otherwise – requesting an evidentiary hearing or time to retain an expert, and the Court will not construe this single sentence, appearing in a Response to a Request for Judicial Notice, as such a Motion. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate document.")

plaintiff is ordinarily "to be awarded attorney's fees in all but special circumstances." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 417 (1978); *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1492 (10th Cir. 1994) (same). To obtain attorney fees, "a claimant must prove two elements: (1) that the claimant was the "prevailing party" in the proceeding; and (2) that the claimant's fee request is "reasonable." *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998). To qualify as a prevailing party, a plaintiff must obtain at least some relief on the merits of her claim. *See Farrar v. Hobby*, 506 U.S. 103, 111 (1992). In other words, the plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought. *Id.*

"The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998) (internal citations omitted); *see also Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986) (internal citation of quotation marks omitted) ("It is Plaintiff's burden to prove and establish the reasonableness of each dollar, each hour, above zero.") The amount of the fee award is committed to the district court's discretion, but the "lodestar" – the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate – is "presumptively reasonable." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010).

The first step in calculating the lodestar is the determination of the number of hours reasonably spent by counsel. *Case*, 157 F.3d at 1250. The prevailing party bears the burden of proof in establishing this number "by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* Additionally, the prevailing party must exercise billing judgment and make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Where such an effort appears "inadequate, the district court may reduce the award accordingly." *Id.* at 433; *see also Carter v. Sedgwick County, Kan.*, 36 F.3d 952, 956 (10th Cir. 1994) (same).

The second step in calculating the lodestar is the determination of the reasonable rate per hour, that is, "what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 483 U.S. 711 (1987). The relevant market rate is the local market rate. *Id.* In making this determination, a district judge "may turn to her own knowledge of prevailing market rates as well as other indicia of a reasonable market rate." *Bee v. Greaves*, 910 F.2d 686, 689 n. 4 (10th Cir. 1990).[2]

---

[2] Once the Court determines the lodestar, it may adjust it "upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997). Plaintiffs have not requested an upward departure, and the Court will not order one *sua*

## III. DISCUSSION

**1. Prevailing Party**

Plaintiffs qualify as prevailing parties for purposes of an attorney fee award. Although they were awarded nominal compensatory damages, they were awarded significant punitive damages and obtained a judgment against CSTCM. *See Farrar*, 506 U.S. at 111 (holding that a plaintiff who wins even nominal damages is considered a prevailing party).

**2. Reasonable Hours**

Plaintiffs' counsel have submitted contemporaneous, detailed time records substantiating the hours they spent litigating the instant case. (Doc. ## 107-1 to -6; 109-1 to -2). The following table summarizes these billing records:

| Plaintiff-Client | Timekeeper | Total Number of Hours |
|---|---|---|
| Stockmar | Attorney Elwyn F. Schaefer (Shareholder) | 285.8 |
| Stockmar | Attorney Sara Green (Associate) | 155.3 |
| Stockmar | Paralegal Sharon Alleyne | 41.55 |
| Carleton | Attorney M. Turner Field (Director)[3] | 339 |
| Carleton | Attorney Anne-Marie Vos (Associate) | 3.8 |
| Carleton | Attorney Timothy M. Kratz (Director) | 109.3 |
| Carleton | Paralegal Stella E. Wolf | 359.5 |

---

*sponte*. Although Plaintiffs recovered only nominal compensatory damages, downward departure is unnecessary given the significant amount of punitive damages that Plaintiffs did recover.

[3] "Director" is the terminology Plaintiff's counsel used to refer to its shareholders.

5

A fee applicant is required to "make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . [and the] district court has a corresponding obligation to exclude hours not 'reasonably expended' from the calculation." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (internal citations omitted); *see also Case*, 157 F.3d at 1250 (declining to require an automatic reduction of reported hours to adjust for multiple representation or potential duplication, but noting that "the district court should give particular attention to the possibility of duplication . . . [and] carefully scrutinize the total number of hours reported to arrive at the number of hours that can reasonably be charged to the losing party, much as a senior partner in a private firm would review the reports of subordinate attorneys when billing clients whose fee arrangement requires a detailed report of hours expended and work done"); *Ramos*, 713 F.2d at 553 ("When scrutinizing the actual hours reported, the district court should distinguish 'raw' time from 'hard' or 'billable' time to determine the number of hours reasonably expended.")

With regard to billing judgment, M. Turner Field's Affidavit indicates that Plaintiff Carleton seeks a lodestar amount of $160,000, "which represents a discount of $16,682.00 from the total value of fees incurred." (Doc. # 109-1, ¶ 7.) Specifically, the Affidavit explains that:

> This reduction in the lodestar amounts ought through the Fee Application was made for the following reasons: (1) to account and adjust for the transition between me and Mr. Kratz [initial lead counsel in the case]; (2) the limited duplication of effort within Plaintiff Carleton's trial team or in coordination with Plaintiff Stockmar's counsel; and (3) in some inefficiency since this was my first jury trial in federal court.

(*Id.*) Elwyn Shaefer's Affidavit states:

> I reviewed the time records and have determined that the time spent on each task was appropriate to the case and reasonable under the circumstances. . . . I believe the contributions of Ms. Green and myself were substantially non-duplicative and the division of labor was properly defined between us and that of our paralegal, Sharon Alleyne.

(Doc. # 107-1, ¶¶ 17, 18.) Additionally, Sara Green's Affidavit certified "the attached billing records [as] a true and accurate reflection of the time that I spent working on this matter on behalf of Plaintiff Stockmar." (Doc. # 107-3.)

The Court has reviewed the billing records in the matter and is satisfied that the attorneys exercised adequate billing judgment and that the number of hours expended was reasonable; as such, it is not necessary to reduce the number of hours for purposes of the lodestar determination.

**3.      Reasonable Billing Rates**

A district court should base its hourly rate award on what the evidence shows the market commands for analogous litigation. *Case*, 157 F.3d at 1255. "[T]he burden is on the fee applicant to produce satisfactory evidence – **in addition to the attorney's own affidavits** – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined in this way is normally deemed to be reasonable." *Blum*, 465 U.S. at 895 n. 11 (emphasis added). Additionally, "[t]he hourly rate at which compensation is awarded should reflect rates in effect at the time the fee is being established by the court, rather than those in effect at the time the services were performed." *Lamm*, 713 F.2d at 555.

Plaintiffs' counsel requests that the following hourly rates be paid to the lawyers and professional staff in this matter, and assert that the requested rates constitute reasonable market rates:

| Plaintiff-Client | Timekeeper | Requested Hourly Rate |
|---|---|---|
| Stockmar | Attorney Elwyn F. Schaefer (Shareholder) | $450.00 |
| Stockmar | Attorney Sara Green (Associate) | $350.00 |
| Stockmar | Paralegal Sharon Alleyne | $150.00 |
| Carleton | Attorney M. Turner Field (Director) | $260.00 |
| Carleton | Attorney Anne-Marie Vos (Associate) | $210.00 |
| Carleton | Attorney Timothy M. Kratz (Director) | $310.00 |
| Carleton | Paralegal Stella E. Wolf | $150.00 |

In support of their argument that these rates are reasonable, the attorneys cite a handful of cases in which similar rates were approved for other, extremely experienced litigators, but did not provide a survey of typical rates or other evidence indicating that the rates should be considered prevailing market rates. As such, the Court does not have sufficient evidence to make such a determination from the pleadings alone. "[W]here a district court does not have before it adequate evidence of prevailing market rates, the court may use other factors, including its own knowledge, to establish that rate." *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1079 (10th Cir. 2002).

This Court has previously relied on the Colorado Bar Association's "2012 Economic Survey Snapshot" ("2012 CBA Survey"), which provides average hourly billing rates for attorneys in this state, in a wide range of specialties and firm sizes.[4] *See, e.g., Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 2014 WL 6723965, at *6, n. 6 (D. Colo. Nov. 25, 2014) (noting that "because the 2012 CBA survey provides the most recent data and is specific to Colorado, it provides the best indication of the current reasonable hourly rate in the Denver area"). The 2012 CBA Survey indicates that the typical plaintiff-side employment lawyer in Colorado charged a median hourly rate of $300 an hour, with $325 an hour representing the 75th percentile, and $354 an hour representing the 95th percentile. As for the proposed rates for Ms. Green, the 2012 CBA Survey shows that associates with ten-plus years of experience charge a median of $240 an hour, with $338 an hour representing the 95th percentile. Thus, even accounting for inflation, Mr. Schaefer has not justified a 22% increase above this rate at the 95th percentile, nor has Ms. Green justified a rate above or at the 95th percentile. Accordingly, the Court will reduce Mr. Schaefer's rate to $400 an hour, and Ms. Green's rate to $300 an hour. In light of Mr. Field and Mr. Kratz's experience and reputation,[5] the other requested rates are in line with the reasonable market rates as demonstrated by the 2012 CBA Survey; accordingly, the Court need not reduce those rates.

---

[4] *See* The Colorado Bar Association: 2012 Economic Survey Snapshot, http://www.cobar.org/repository/LPM%20Dept/Economic%20Survey/Snapshot%20Final%20Report.pdf (last visited August 4, 2015).

[5] Plaintiff Carleton's counsel did not submit information about the experience or qualifications of Ms. Vos. However, in light of the reasonable rate and the relatively small number of hours requested, the Court has not reduced the rate for Ms. Vos.

In support of the proposed rates to be charged for paralegal services, Plaintiffs provided a resume for paralegal Sharon Alleyne, indicating that she earned a paralegal certification in 2008 and has worked as a paralegal for approximately four years.[6] Plaintiffs did not provide a resume or any other information regarding the qualifications or experience of their other paralegal, Stella Wolf.

This submission falls well short of what would be necessary to award $150 an hour for paralegal work; indeed, the 2012 CBA Survey indicates that the median hourly billing rate for a paralegal with ten-plus years of work experience in Colorado is $110, whereas the median rate for paralegals with four to five years of experience bill at $90 an hour.  Accounting for inflation, and because Plaintiffs have provided no support for exceeding the average, an hourly rate of $100 is reasonable for work performed by the paralegals in this case.  *See, e.g.*, *Hitchens v. Thompson Nat'l Properties, LLC*, No. 12-CV-02367-LTB-BNB, 2014 WL 2218094, at *3 (D. Colo. May 29, 2014) (ordering an hourly rate of $110 an hour); *Salinier v. Moore*, 2010 WL 3515699 (D. Colo. Sept. 1, 2010) (approving a rate of $100 an hour for paralegal services).

### 4.     CSTCM's Motion to Produce

CSTCM has requested that the Court issue an order compelling Plaintiffs to disclose their fee agreements with Plaintiffs' attorneys.  (Doc. # 111.)  CSTCM provides no legal authority for this request beyond a conclusory assertion that the agreements

---

[6] Ms. Alleyne's resume does not specifically note when she began working for Plaintiff's counsel; accordingly, the Court assumes that she began this work as of the end date of her last position with the Denver Post, in September of 2014.  Her resume also shows that she was a litigation paralegal for the Equal Employment Opportunity Commission from April 2007 to May 2008, and again from December 2008 to May 2009 (approximately 2.5 years).  She was not employed as a paralegal, but rather, as a statistician and contract assistant, for the other years detailed in her resume.

"are relevant and necessary to enable Defendant to defend Plaintiffs' claims for fees." (Doc. # 111 at 2.) However, the Supreme Court has held that "[t]he attorney's fee provided for in a contingent-fee agreement is not a ceiling upon the fees recoverable under [42 U.S.C.] § 1988." *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989); *see also Corder v. Gates*, 947 F.2d 374, 378 n.3 (9th Cir. 1991) (applying *Blanchard*, 489 U.S. at 95, in Title VII case and explaining that "an award of a 'reasonable' attorney's fee may be made to a prevailing plaintiff notwithstanding the fact that the plaintiff's attorney has agreed to accept a smaller fee, or even no fee at all.")  Although the Tenth Circuit has not yet specifically applied *Bergeron* to the award of attorney fees in the Title VII context, the standard for the award of attorney fees under § 1988(b) is the same as that under 42 U.S.C. § 2000e–5(k).  *Griffith v. State of Colo., Div. of Youth Servs.*, 17 F.3d 1323, 1328 (10th Cir. 1994).  As such, the Court denies CSTCM's Motion to Produce because Plaintiffs' contingency fee agreements are in no way relevant to determining the reasonable attorney fees in this case.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff Vanessa Stockmar's and Plaintiff Tanya Carleton's Motions for Award of Attorneys' Fees and Request for Leave to Supplement (Doc. ## 107, 109) are GRANTED IN PART;

Consistent with the above analysis, it is ORDERED that Plaintiff Stockmar's counsel are entitled to attorney fees in the amount of $165,065, as summarized below:

| Timekeeper | Hourly Rate | Total Hours | Total |
|---|---|---|---|
| Attorney Elwyn F. Schaefer (Shareholder) | $400.00 | 285.8 | $114,320 |
| Attorney Sara Green (Associate) | $300.00 | 155.3 | $46,590 |
| Paralegal Sharon Alleyne | $100.00 | 41.55 | $4155 |

It is FURTHER ORDERED that Plaintiff Carleton's counsel are entitled to attorney fees in the amount of $158,771, as summarized below:

| Timekeeper | Hourly Rate | Total Hours | Total |
|---|---|---|---|
| Attorney M. Turner Field (Director) | $260.00 | 339 | $88,140 |
| Attorney Anne-Marie Vos (Associate) | $210.00 | 3.8 | $798.00 |
| Attorney Timothy M. Kratz (Director) | $310.00 | 109.3 | $33,883 |
| Paralegal Stella E. Wolf | $100.00 | 359.5 | $35,950 |

Lastly, it is ORDERED that Defendant's Motion to Produce (Doc. # 111) is HEREBY DENIED.

DATED: August 7, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge