**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-02906-CMA-MJW

VANESSA STOCKMAR,
TANYA CARLETON,

      Plaintiffs,

v.

COLORADO SCHOOL OF TRADITIONAL CHINESE MEDICINE, INC.,
a Colorado corporation,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIERATION REGARDING
THE ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES**

---

      In its Motion, Defendant Colorado School of Traditional Chinese Medicine

(CSTCM) requests that the Court reconsider its August 7, 2015 Order granting Attorney

Fees in Part and Denying Defendant's Motion to Produce.  (Doc. # 162.)  For the

reasons provided below, CSTCM's failure to respond to Plaintiffs' Motions for Attorney

Fees in a timely manner was not "excusable neglect."  As such, its Motion is denied.

## I.  PROCEDURAL BACKGROUND

      On March 18, 2015, Plaintiffs Carleton and Stockmar filed their respective

Motions for Award of Attorney Fees ("Attorney Fee Motions").  (Doc. ##107, 109.)

Pursuant to D.C. COLO. L.Civ.R 7.1 and Rule 6 of the Federal Rules of Civil Procedure,

Defendant had until April 13, 2015 to respond to these Motions, but failed to file any response.[1]

On April 20, 2015, Plaintiffs filed a "Request for Judicial Notice and Approval of Fee Affidavits" ("Request for Judicial Notice"), which argued that the Court should take judicial notice of the fact that Defendant had not filed a response to Plaintiffs' Attorney Fee Motions.  (Doc. # 122.)  Defendant's Response to the Request for Judicial Notice was filed on April 24, 2015, and argued that the Court should not take judicial notice because "On April 2, 2015, Defendant CSTCM responded to Plaintiffs' motions for fees, attached Exhibit A, requesting time to retain an expert and requesting an evidentiary hearing.  Such expert has now been retained and will be ready for an evidentiary hearing in mid-May, 2015."  (Doc. # 130.)  The "attached Exhibit A" was dated April 2, 2015, entitled "Defendant's Opposed Objection to Plaintiffs' Dual Motions for Attorneys' Fees, and Defendant's Request for Evidentiary Hearing" ("Defendant's Opposition"), and was three sentences long:

> Defendant has not conferred with opposing counsel under D.C. Colo. Local Rule 7.1, as such is futile.  Defendant is in the process of retaining an attorney expert to testify to the unreasonableness of the attorneys' fees requested.  Defendant asks the Court to set a hearing date on the Motions in early May, 2015.

(Doc. # 130-1.)

On April 24, 2015, Plaintiff's filed a Reply in Support of the Request for Judicial Notice, which plainly stated that "[c]ontrary to Defendant's statement, it has not filed any

---

[1] On March 19, 2015, Defendant filed a Motion requesting that the Court order Plaintiffs' attorneys to produce a copy of their fee agreements ("Motion to Produce")  (Doc. # 109).  Other than noting that the Attorney Fees Motions had been filed for the purposes of its request, this Motion did not discuss attorney fees.

response to Plaintiff's Motion," and attached a printout of the docket, showing all filings from February 27, 2015 and April 24, 2015.  (Doc. # 131.)  Additionally, M. Turner Field, Plaintiff Carleton's attorney, has submitted an affidavit in Response to the instant Motion which indicates that he spoke with Defendant's Counsel, John McNamara, in late April of 2014, and told Mr. McNamara that Defendant had not filed any response to Plaintiffs' Attorney Fee Motions and that the deadline to file such a response had elapsed.  (Doc. # 164-1.)

On August 7, 2015, this Court issued its Order granting in part Plaintiffs' Attorney Fee Motions and Denying Defendant's Motion to Produce ("Attorney Fee Order.")  (Doc. # 161.)  In explaining why it considered the Plaintiff's Attorney Fee Motions to be unopposed, the Court noted that, contrary to Defendant's assertion in its Response to the Request for Judicial Notice, nothing had been filed before or after April 2, 2015, in opposition to Plaintiff's Attorney Fee Motions.  (*Id.* at 2, n. 2.)  The Court further noted that the Court's Civil Local Rules require any motions to be filed as separate documents, so it would not construe Defendant's Opposition as a motion requesting a hearing or other relief.  (*Id.*)

Defendant's Motion for Reconsideration indicates that Defendant's failure to file its Opposition was "inadvertent" because Defendant's counsel believed that his paralegal had, in fact, filed it, and Mr. McNamara "does not know why [his paralegal] did not file the Opposition as she certified she did."  (Doc. # 162 at 2.)  The Motion also states that Defendant has been prejudiced by this failure, because the Court granted almost the full amount of requested attorney fees, and, given his good-faith reliance on

his paralegal's filing, "Mr. McNamara assumed the Court would set an evidentiary hearing on Plaintiffs' Motion for Attorneys' Fees and rule on CSTCM's Motion to Produce (Dkt. #111) before it ruled on Plaintiffs' Request for Judicial Notice." (*Id.* at 3.)

## II.  LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure strikes a delicate balance between two countervailing necessities: "The desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (internal quotations omitted).  Rule 60(b)(1) states: "On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect  . . ."  For purposes of Rule 60(b), "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.  . . . a party's failure to file on time for reasons beyond his or her control is not considered to constitute 'neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 388 (1993).  The relevant circumstances include "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

The reason for the mistake is the most important factor in determining whether neglect is excusable.  *See Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005).

4

"Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).  Thus, the rule should not be used to "allow a party merely to reargue an issue previously addresses by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996).  The court may consider, however, whether the mistake was a single unintentional incident and whether the attorney attempted to correct his or her action promptly after discovering the mistake.  *See Jennings*, 394 F.3d at 857.

The Tenth Circuit has repeatedly noted that relief under Rule 60(b) is warranted only in exceptional circumstances.  *See, e.g., Felts v. Accredited Collection Agency, Inc.*, 406 F. App'x 309, 311-12 (10th Cir. 2011); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  The decision to vacate judgment under Rule 60(b) is left "almost entirely up to the discretion of the trial court."  *Greenwood Explorations, Ltd. v. Merit Gas and Oil Corp., Inc.*, 837 F.2d 423, 426 (10th Cir. 1988).  As the moving party, Defendant has the burden to plead and prove excusable neglect*. Pelican Prod. Corp.*, 893 F.2d at 1146.

## III.  DISCUSSION

Defendant asserts that Mr. McNamara's failure to file Defendant's Opposition constituted excusable neglect because he was relying in good faith on his paralegal – both to file the Opposition for him, as well as to review "all emails received in his law office from the Court's CM/ECF system."  (Doc. # 162 at 3.)  The instant Motion also

implies, but does not affirmatively state, that Mr. McNamara determined that no opposition had been filed only after receipt of this Court's order granting Plaintiffs' Motion for Attorney Fees.  (*See id.* at 2) (emphasis added) ("After reviewing the Court's docket, counsel is **now aware**, that despite what she certified in the Certificate of Service, Ms. Laning did not file the Opposition on April 2, 2015.")

Fortunately, the Court need not decide whether it was excusable for Mr. McNamara to rely to such an extreme extent on his paralegal, because it can definitively say that Mr. McNamara's failure to rectify his mistake for **almost four months** before the Court granted the Attorney Fees Motion was not "excusable neglect."  Although Defendant's Motion now claims that "Mr. McNamara had no reason to believe [his paralegal] did not file the pleading as she certified in the Certificate of Service" (Doc. # 162 at 4-5), in actuality, Mr. McNamara was on notice of this fact **at the very latest** on April 24, 2015, when Plaintiffs filed their Reply in Support of the Request for Judicial Notice.  That Reply plainly stated that contrary to Defendant's assertions, no opposition had been filed – and if there was any doubt, it also contained a printed version of the ECF docket.  (Doc. ## 131, 131-1.)  Moreover**, even assuming** that Mr. McNamara did not receive notice of this April 24th Reply because of his paralegal's failure to notify him of it, Mr. Field's sworn affidavit indicates that Mr. Field also personally apprised Mr. McNamara of this fact **by telephone** in late April of 2015.[2]  (Doc. # 164-1.)  As such, it

---

[2] In its Reply in support of the Motion for Reconsideration, Defendant states that "Mr. McNamara "disputes that any such conversation took place."  (Doc. # 172 at 5.)  Mr. McNamara does not submit an affidavit to this effect.  However, even assuming that no conversation occurred, as explained above, Mr. McNamara still was on notice that nothing had been filed on April 2, 2015. The attachment to the Reply in Support of the Request for Judicial Notice (a printout of the

was not excusable for Mr. McNamara to utterly ignore this information for almost four

months. *See Jennings*, 394 F.3d at 857 (noting that the Court may consider whether an

attorney acted promptly to rectify a mistake in determining whether there was excusable

neglect); *see also Yeschick v. Mineta*, 675 F.3d 622, 629-30 (6th Cir. 2012) (in holding

that an attorney's failure to monitor his case docket was not excusable neglect because

attorneys have an affirmative duty to monitor their case dockets, explaining that "[n]ow

that electronic dockets are widely available, the burden imposed by this affirmative duty

is minimal. Attorneys may monitor the docket from the comfort of their offices; they

simply need to log-on to the CM/ECF system . . . . Further, email notification of docket

activity is often available to assist attorneys in monitoring their cases.")

In any case, the Court had already reviewed Defendant's Opposition in

considering Plaintiffs' Attorney Fee Motions and it acknowledged this fact in its Order

resolving those Motions. (Doc. # 161.) Assuming, *arguendo*, the Opposition had been

timely filed, it did not contain substantive arguments of any kind as to why Plaintiffs'

attorney fee request is unreasonable, nor did it state that Defendant had successfully

retained an expert who would be willing to say that the fees were unreasonable.

Instead, it merely stated that Mr. McNamara was "in the process of" retaining such an

expert to testify. (Doc. # 130-1.) Defendant's counsel also failed to make any effort to

actually schedule a hearing of this undetermined expert[3] with the Court (apparently

---

docket) indisputably showed that nothing had been filed on that date, and he also would have
been able to confirm this fact by examining the case docket. (Doc. # 131-1.)

[3] Defendant's "Response to Plaintiffs' Request for Judicial Notice and Approval of Fee
Affidavits" stated that "On April 2, 2015, Defendant CSTCM responded to Plaintiffs' motions for

because he "assumed" that the Court would schedule one); if he had done so, he would

have learned that such an assumption was problematic, because the Court does not

typically hold such hearings and usually decides attorney fees motions on the papers.

Indeed, Defendant's Motion also fails to identify who the expert would be or provide any

explanation as to how he or she would show that anything the Court actually ordered

would have been unreasonable. Indeed, the Court did not simply treat the Attorney Fee

Motion as confessed and order full relief; instead, it carefully examined the time records

of Plaintiffs' attorneys, ensured that they properly exercised billing judgment, and

reduced the billing rates of two of the attorneys and one of the paralegals because it

found that the rates were not in line with prevailing market rates in the Colorado area.

(*See* Doc. # 161.)

On August 31, 2015, Plaintiff Stockmar filed a Motion for Supplemental Award of

Attorneys' Fees, requesting an additional award for legal services performed

subsequent to the March 18, 2015 Attorney Fee Motion. (Doc. # 166.) On September

9, 2015, Defendant filed an Objection to this motion. (Doc. # 173.) That Objection, like

Defendant's prior filings, contains no substantive argument; it says only that "CSTCM

has retained an expert who is available to testify regarding the unreasonableness of the

attorneys' fees requested." (*Id.* at 2.) As it has already noted, the Court does not

typically hold hearings regarding attorney fee motions. If Defendant wishes to provide

fees, attached Exhibit A, requesting time to retain an expert and requesting an evidentiary
hearing. **Such expert has now been retained** and will be ready for an evidentiary hearing in
mid-May, 2015." (Doc. # 130) (emphasis added). Defendant's Motion, however, fails to identify
this expert or provide any further details about how he or she would prove that anything the
Court actually ordered would have been unreasonable; indeed, the Court reduced the billing
rates of two attorneys of the attorneys because it found that the rates were not in line with
prevailing market rates in the Colorado area. (Doc. # 161 at 9.)

evidence about the unreasonableness of the requested attorney fees, it is ORDERED to submit such evidence to the Court in writing.

## IV.  **CONCLUSION**

CSTCM has fallen well short of its burden to prove that its failure to timely respond to Plaintiffs' Attorney Fee Motions (and then to rectify this mistake upon receiving notice of this failure) was "excusable neglect."  Accordingly, Defendant's Motion for Reconsideration is HEREBY DENIED.

Additionally, if CSTCM wishes to submit evidence to the Court in opposition to Plaintiff's Supplemental Attorney Fee Motion (Doc. # 166), it is ORDERED to do so on or before September 24, 2015.  Evidence submitted after this date will not be considered.

DATED: September 16, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge